IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW J. SHERVEN,

                      Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION,

                      Defendant.

OPINION and ORDER

22-cv-636-jdp

---

Pro se plaintiff Matthew J. Sherven filed this lawsuit to compel defendant Federal Bureau of Investigation (FBI) to produce documents involving the FBI's authorization of enhanced interrogation techniques. Sherven seeks leave to proceed without prepayment of the filing fee, so I must screen the complaint to determine whether it states a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). I will dismiss the complaint without prejudice because Sherven hasn't exhausted his administrative remedies.

ANALYSIS

Sherven alleges that he submitted a request under the Freedom of Information Act "for records where the FBI authorized the use of EITs [enhance interrogation techniques]." He did not submit a copy of his request with his complaint, but he alleges that he referred in his request to a declassified report of the Central Intelligence Agency (CIA) stating that the Department of Justice had authorized the CIA to use the techniques and claimed that the techniques don't qualify as torture under federal law. In response, the FBI stated that FOIA "does not require federal agencies to answer inquiries."

Sherven says that he is suing under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), but that case is about lawsuits for violations of the Constitution against individual federal officers. Withholding agency records doesn't violate the Constitution, and federal agencies can't be sued under *Bivens*. *Travis v. Reno*, 163 F.3d 1000, 1007 (7th Cir. 1998) ("There is no constitutional right to have access to particular government information, or to require openness from the bureaucracy." (internal quotation marks omitted)); *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (holding that there is no cause of action under *Bivens* against federal agencies). But FOIA has its own cause of action, which allows a plaintiff to sue a federal agency for production of records that the agency improperly withheld. 5 U.S.C. § 552(a)(4)(B); *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980).

FOIA includes an exhaustion requirement, which requires a plaintiff to file an administrative appeal before filing a lawsuit. 5 U.S.C. § 552(a)(6)(A); *Hoeller v. Social Security Administration*, 670 Fed. Appx. 413, 414 (7th Cir. 2016). If a plaintiff doesn't allege that he exhausted his administrative remedies, the court must dismiss the complaint for failure to state a claim. *Scherer v. Balkema*, 840 F.2d 437, 443 (7th Cir. 1988).

Sherven doesn't allege that he exhausted his administrative remedies. And there would be no point in giving Sherven an opportunity to amend his complaint to clarify the issue because it's clear that he didn't complete the administrative appeal process. He signed his complaint on November 4, 2022, the same day he received a response from the agency, so it would have been impossible for him to comply with the exhaustion requirement before filing this case. I will dismiss the case without prejudice to Sherven filing a new lawsuit after he exhausts his administrative remedies.

ORDER

IT IS ORDERED that this case is DISMISSED without prejudice for plaintiff Matthew J. Sherven's failure to exhaust his administrative remedies. The clerk of court is directed to enter judgment accordingly and close the case.

Entered January 9, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge